# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Michael George Hostilo, Respondent.

Appellate Case No. 2024-001642

---

Opinion No. 28272
Submitted March 17, 2025 – Filed April 9, 2025

---

## PUBLIC REPRIMAND

---

Disciplinary Counsel William M. Blitch, Jr., and
Assistant Disciplinary Counsel Jeffrey Ian Silverberg,
both of Columbia, for the Office of Disciplinary Counsel.

Barbara Marie Seymour, of Clawson & Staubes, LLC, of
Columbia, for Respondent.

---

**PER CURIAM:**  In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, Respondent admits misconduct and consents
to the imposition of a confidential admonition or a public reprimand.  We accept
the Agreement and issue a public reprimand.  The facts, as set forth in the
Agreement, are as follows.

## I.

Respondent is licensed to practice law in Georgia, but he is not licensed to practice
law in South Carolina.  Respondent also employs South Carolina-licensed
attorneys who provide legal services in South Carolina and advertises his firm's
services in South Carolina.  As such, he is subject to the supervision of this Court
for any violation of the Rules of Professional Conduct governing advertising and

solicitation of clients.  *See* Rule 418(a), SCACR (defining "unlicensed lawyer" as a person admitted to practice law in another jurisdiction but not in South Carolina); Rule 418(b), SCACR (providing any advertising or solicitation in South Carolina by an unlicensed lawyer shall comply with the Rules of Professional Conduct set forth in Rule 407, SCACR); Rule 418(c), SCACR (providing the Commission on Lawyer Conduct has jurisdiction over allegations that an unlicensed lawyer has committed misconduct); and Rule 418(d) (establishing that this Court may impose sanctions or hold an unlicensed lawyer in contempt for advertising violations).

## A. Website

Respondent's law firm maintains a website that, at the time of ODC's investigation, contained various material misrepresentations, misleading statements, and statements that were likely to create an unjustified expectation about the results Respondent's law firm could achieve.  Specifically, Respondent's law firm website contained a "Results" page featuring both a disclaimer advising viewers that South Carolina cases are handled by an attorney who had not been employed or associated with Respondent's firm for more than two years and a statement that "we've been proudly serving the injured in Georgia, Alabama and South Carolina for nearly 30 years."  Respondent's law firm has offered services in South Carolina only since January 2018, and the firm itself has been in existence only since 2007.[1]

The "Wrongful Death" page of Respondent's firm's website incorrectly stated the statute of limitations for wrongful death claims in South Carolina.  Further, several individual attorney profile pages on Respondent's firm's website indicated that the attorneys handled cases in jurisdictions in which they were not licensed to practice law.  Respondent explains that this was due to blocks of content being cut and pasted into each attorney's profile page by the firm's content creators.  Respondent admits these were material misrepresentations.

Further, the homepage of Respondent's law firm website contained the following statements, which were likely to create an unjustified expectation about the results Respondent's firm can achieve: (1) "Our record of results is proof that your case is in the very best hands"; and (2) "Our experienced Workers' Comp lawyers have handled many cases just like yours—with the record of results to back us up!"  The "Results" page of Respondent's firm's website listed numerous recovery amounts on behalf of clients without clearly and conspicuously stating that any results the

---

[1] At that time, Respondent had been practicing in Georgia for nearly thirty years.

firm may have achieved on behalf of clients in other matters does not necessarily indicate similar results can be obtained for other clients. This page also lacked sufficient reference to the specific factual and legal circumstances underlying the referenced recoveries, such that the "Results" page was likely to create unjustified expectations about the results Respondent could achieve.

Respondent's law firm also contained improper statements comparing the firm's services with other lawyers' services in a manner that cannot be factually substantiated—namely that "Mike Hostilo's team fights like no other law firm for our accident victims." Respondent's law firm also improperly used the term "expert" in several places, contained testimonials or endorsements without the necessary disclaimers, and failed to identify the specific geographic locations where the firm's South Carolina lawyers principally practice. Additionally, Respondent's firm website also stated "you don't pay us unless we win" in various locations without disclosing whether clients will be liable for any expenses in addition to the fee or disclosing whether any contingency fee will be computed before expenses are deducted.

Lastly, Respondent admits that he failed to review the content on his firm's website prior to its publication to reasonably ensure its compliance with the Rules of Professional Conduct and that he failed to maintain a complete record of the website as required by Rule 7.2(b), RPC, Rule 407, SCACR.

## B. YouTube Video Advertisement

In addition to his firm website, Respondent published a video advertisement on YouTube that stated:

> Most people think that lawyers are bad at math. 1 + 1 = 2. But let me give you a simple formula. Mike Hostilo Law Firm + Car Wreck = big settlement! [$100 bills fill up the background of the screen.] So, if you have been injured in a car wreck, call or text us at 844-438-6453 or visit us at MikeHostiloLawFirm.com. We're great at math.

Respondent admits this advertisement is likely to create an unjustified expectation about the results his law firm can achieve.

## C. Billboard Advertisement

Respondent also published a billboard advertisement featuring a picture of

Respondent, his firm's phone number, and then numerous dollar signs all over the billboard, including one representing the "s" in Respondent's last name. Respondent admits this billboard: (1) is likely to create an unjustified expectation about the results his firm can achieve; (2) is not predominantly informational; (3) fails to include the name and office address of at least one lawyer responsible for the advertisement; (4) fails to include the geographical location of the office in which the lawyer or lawyers who will actually perform the advertised services principally practice law; and (5) fails to ensure the required disclosures/disclaimers are of a sufficient size to be clearly legible and predominantly placed to be conspicuous to the viewer. Respondent also admits he failed to review the content on the billboard prior to its publication to reasonably ensure its compliance with the Rules of Professional Conduct.

## II.

Respondent admits that his conduct violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 7.1(a) (prohibiting communications about the lawyer's services that contain a material misrepresentation of fact or law); Rule 7.1(b) (prohibiting statements that are likely to create an unjustified expectation about the results the lawyer can achieve); Rule 7.1(c) (prohibiting statements that compare the lawyer's services with other lawyers' services unless the comparison can be factually substantiated); 7.1(d) (requiring testimonials or endorsements to be properly identified, disclose whether payment was made, disclose whether the speaker is an actual client, and include a disclaimer that any result achieved on behalf of one client does not necessarily indicate a similar result can be obtained for other clients); Rule 7.2(a) (requiring all advertisements to be predominantly informational); Rule 7.2(b) (providing that a lawyer is responsible or the content of any advertisement he publishes and that he has a duty to review such advertisement prior to its dissemination to reasonably ensure it complies with the Rules of Professional Conduct); Rule 7.2(d) (requiring any advertisement to include the name and office address of at least one lawyer responsible for its content); Rule 7.2(f) (requiring advertisements regarding fees to indicate whether a client will be responsible for expenses and whether a percentage fee will be calculated before expenses are deducted); Rule 7.2(h) (requiring all advertisements to disclose the geographic location of the lawyer who will actually perform the advertised services principally practices law); Rule 7.2(i) (requiring all disclosures and disclaimers to be conspicuous); Rule 7.4(b) (prohibiting use of the word "expert" for anyone who is not certified as a specialist in South Carolina).

Respondent also admits his misconduct is grounds for discipline under Rule 7(a)(1), RLDE, Rule 413, SCACR (providing a violation of the Rules of Professional Conduct is grounds for discipline).

In the Agreement, Respondent agrees to pay costs and consents to the imposition of a confidential admonition or a public reprimand.[2]  Attached to the Agreement, Respondent submitted an affidavit in mitigation in which he explains that upon receipt of the notice of investigation in this matter, he engaged a South Carolina-licensed attorney to assist and advise him in reviewing his firm's South Carolina operations.  Respondent further explains that he also consulted with a South Carolina ethics counsel to "help us bring our marketing content in compliance."  Respondent explains he never intended to mislead clients and apologizes for his disregard for the South Carolina Rules of Professional Conduct.  Respondent emphasizes his apology and subsequent efforts to comply with the applicable advertising rules in requesting the Court impose a confidential admonition.

### III.

We find Respondent's misconduct warrants a public reprimand.  *Cf. In re Wells*, 392 S.C. 371, 381, 709 S.E.2d 644, 649 (2011) (imposing a $1,000 fine and publicly reprimanding a South Carolina-licensed attorney for numerous advertising violations, including Rule 7.1(a) (prohibiting material misrepresentations of fact and law), Rule 7.1(b) (prohibiting creating unjustified expectations regarding results that can be achieved), Rule 7.1(c) (prohibiting improper comparisons to other lawyers), Rule 7.2(b) (establishing a lawyer's duty to review advertisements before dissemination to ensure compliance with Rules of Professional Conduct), Rule 7.2(d) (requiring the identification of the lawyer responsible for advertisement), Rule 7.2(f) (prohibiting on self-laudatory statements or characterizations of lawyer's services), Rule 7.2(g) (requiring disclosures regarding client responsibility for expenses and percentage fee computation), and Rule 7.4(b) (prohibiting improper use of the word "expert").  Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct.  Within thirty days, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission.

---

[2] Respondent provided proof that he completed the Legal Ethics and Practice Program Advertising School in March 2023, which otherwise would have been a condition of discipline in this matter.

**PUBLIC REPRIMAND.**

**KITTREDGE, C.J., FEW, JAMES, HILL and VERDIN, JJ., concur.**